FIRST NATIONAL BANK OF COLUMBUS, APPELLEE, V. STATE OF NEBRASKA, APPELLANT.

FILED JANUARY 23, 1908.   No. 14,974.

A public office cannot be created, and its powers, duties and emoluments prescribed, by concurrent resolution.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed and dismissed.*

*W. T. Thompson, Attorney General*, and *W. B. Rose*, for appellant.

*Reeder & Hobart* and *J. J. Sullivan, contra.*

AMES, C.

The legislature adopted in 1897 a measure entitled "Concurrent Resolution," and having prefixed thereto the usual enacting clause. After a series of preambulatory "whereases," it is by this measure "resolved by the house of representatives, the senate concurring therein, that the governor be and is hereby authorized to appoint a committee of three competent persons whose duty it shall be to carry

out the intent and purpose of this resolution." Such intent and purpose is thereupon recited to be to "ask the assistance of the interstate commerce commission" and boards of railroad commissioners of certain sister states and of the territory of Oklahoma in procuring for the citizens of said states and territory (and of this state also, we presume) "just and equitable freight rates, and if necessary, as a last resort, to consider the propriety of building an interstate railroad to the Gulf of Mexico." It was further "resolved, that said committee shall receive a compensation not to exceed three dollars and actual expenses for each day's service, which claims for services and expenses shall not be valid until the same shall be examined and approved by the governor." The measure was, after its passage, signed by the presiding officer of each house and presented to and approved by the governor. Shortly afterwards the governor appointed Warwick Saunders and two other persons to serve as such committee, and Saunders at various dates and times during the summer of 1897 presented to the governor itemized claims for "salary" and expenses to which he deemed himself entitled, and which the governor certified in writing to having examined and found correct, and which the latter approved as valid claims against the state, accrued pursuant to the resolution. These claims, thus certified, Saunders embodied in duly executed vouchers which he presented to the auditor of public accounts, from whom he demanded warrants in payment therefor upon the state treasurer. The auditor rejected the claims, which were thereupon assigned by Saunders to the plaintiff, the First National Bank of Columbus, Nebraska, and the latter appealed from the decision of the auditor to the district court for Lancaster county. Upon this state of facts, which is admitted by the pleadings, the court reversed the decision of the auditor and rendered a judgment in favor of the plaintiff for the aggregate sum of $455.57. The state, by the attorney general, appealed to this court.

The task of exposition has been considerably abridged

by an agreement by counsel, implied in their briefs and
explicit in oral argument, that if the object of the resolu-
tion is one which requires for its accomplishment the en-
actment of a public law, as distinguished from a tempo-
rary legislative or administrative regulation, the judgment
appealed from is erroneous. That it is such we entertain
no doubt. It is not now necessary to attempt the formu-
lation of a general rule for the ascertainment of those
things whch may or may not be done by concurrent reso-
lution, but we think it quite safe to say that one of the
things which cannot so be done is the creation of a public
office and endowing it with powers and duties and emolu-
ments or compensation. Such a measure is one which
affects or may affect the public and private interests, the
life, liberty and property of every citizen, and it can be
enacted, if at all, only by public law. An appropriate title
for the measure under consideration would have been "A
bill for an act creating a commission to solicit the aid of
the interstate commerce commission and of the railroad
commissions of Kansas, Texas and the territory of Okla-
homa for the procurement of equitable freight rates for
the citizens of said states and territory and to consider
the propriety of building an interstate railroad to the
Gulf of Mexico." There is nothing contained in this meas-
ure that is regulatory of any existing office or institution,
or that purports to control or direct the conduct of, or
to confer any powers or duties upon, any existing function-
ary; but it attempts to create an independent official body,
a sort of gubernatorial commission, somewhat analogous
to the English royal commission, but for whose functions
and compensation legislative provision was deemed to be
requisite because of the deprivation of the office of gov-
ernor of the remnant of qualified legislative power pertain-
ing to kingly prerogatives. No time is fixed within which
the commission shall expire, and the methods it shall
adopt and the expenses it shall incur are, subject to the
approval of the governor, left to their sole discretion. The
governor is given no power to discharge them, and they

are not required to make any official report of the results of their inquiry, and it is left solely to his discretion and approval what amount of expense they shall incur or for what immediate purposes, which, apparently, may extend to the procurement of surveys, drawings and estimates by engineers, proposals by railway contractors, and the exploitation of the market for railway securities; or, on the other hand, the solicitation of assistance may be limited to four postal cards at a total expense of four cents, and the consideration of "the propriety" of gulf railway construction to silent philosophical contemplation.

Whether such a body, with such vague and indefinite powers, wholly free from control or responsibility, and of perpetual duration, can constitutionally be created by any form of legislation, we do not express an opinion; but we are convinced that such a feat cannot be accomplished by a mere concurrent resolution, and we therefore recommend that the judgment of the district court be reversed and the proceeding dismissed.

FAWCETT and CALKINS, CC., concur.

By the Court: We concur in the conclusion reached in the foregoing opinion, and the judgment of the district court is reversed and the proceeding dismissed.

REVERSED AND DISMISSED.